UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------- x

SEA CONSORTIUM PTE LTD.,

        Plaintiffs,

   - against -                     08 Civ. 8323 (RJH)

C & LINE CO., LTD.,

        Defendant.

------------------------------- x

### Memorandum Opinion and Order

Plaintiff Sea Con has petitioned the Court, pursuant to Sections 8 and 207 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 8, 207, to recognize and enforce an arbitration award issued by the Singapore International Arbitration Centre on June 18, 2009. The complaint was filed on September 26, 2008, and served upon defendant shortly thereafter. To date, defendant has not filed an answer or opposition to plaintiff's petition.

Under § 8 of the FAA, if a party initiates suit via Supplemental Rule B attachment, "the court shall then have jurisdiction to direct the parties to proceed with the arbitration and shall retain jurisdiction to enter its decree upon the award." 9 U.S.C. § 8 (2006). The New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards applies to arbitral awards, like this one, which are "not considered as domestic awards in the State where their recognition and enforcement are sought." Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, art. I(1).

With respect to awards that fall within the terms of the Convention, FAA § 207 provides:

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

9 U.S.C. § 207 (2006). As the Second Circuit has recently explained,

> Confirmation under the Convention is a summary proceeding in nature, which is not intended to involve complex factual determinations, other than a determination of the limited statutory conditions for confirmation or grounds for refusal to confirm. A district court confirming an arbitration award does little more than give the award the force of a court order."

*Zeiler v. Deitsch*, 500 F.3d 157, 169 (2d Cir. 2007).

The Court has reviewed the record and finds no ground for refusing to recognize or enforce the Singapore Award. Plaintiffs' petition is therefore granted.

SO ORDERED.

Dated: New York, New York
September 14, 2009

_____
Richard J. Holwell
United States District Judge